UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLEY DIAMOND-BROOKS; AND VALERIE ANN GONZALES, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 12-cv-3482 |
| CITY OF WEBSTER, TEXAS; CHIEF RAY SMILEY; AND RAYMOND BERRYMAN, | § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Emergency Motion to Reconsider Order Granting in Part Motion for Summary Judgment of Plaintiffs Kimberly Diamond-Brooks and Valerie Ann Gonzales (Doc. No. 40). For the reasons stated below, the motion is **DENIED IN PART** and **GRANTED IN PART**.

**I.    LEGAL STANDARD**

Though the Federal Rules of Civil Procedure do not themselves specifically provide for a motion for reconsideration, such motions nevertheless are entertained under the Rules. Plaintiffs state that they are seeking reconsideration under Rule 54(b), which permits the Court to reexamine its prior interlocutory rulings "for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (internal quotation marks omitted). Motions for reconsideration from interlocutory orders are governed by the standards for Rule 59(e) motions. *Thakkar v. Balasuriya*, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)

1

(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in the controlling law. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## II. PLAINTIFFS HAVE NO "NEWLY DISCOVERED" EVIDENCE WHICH ALTERS THE COURT'S SUMMARY JUDGMENT RULING

Plaintiffs raise a number of arguments regarding "new" evidence of municipal liability which was not provided the Court prior to its summary judgment ruling. Such evidence may be "new" to Plaintiffs' current counsel, but it was clearly available prior to summary judgment.[1] In fact, counsel admits that she discovered the evidence in the course of preparing for trial. Such preparation should have long preceded trial, and counsel has given no defensible reason for her delay. Defendants cannot be made to relitigate issues already decided simply because Plaintiffs' counsel did not turn her focus to this matter until the eve of trial. *See Alkek & Williams Ltd. v. Tuckerbrook Alternative Invs., LP*, 695 F. Supp. 2d 508, at *9 (S.D. Tex. 2010) (failure of party to provide evidence which was available to it "constitutes a valid basis upon which to deny [reconsideration]") (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

---

[1] For example, Defendants apparently produced 3,000 documents in the course of litigation which were only recently provided to Plaintiffs' current counsel by Plaintiffs' former counsel. (Doc. No. 40, at 4-5.) The Court finds it deeply regrettable that the transition of counsel has so hampered the diligent prosecution of Plaintiffs' claims. At the same time, the Court has made allowance after allowance to accommodate the transition. Still, requests for special treatment continue unabated. At some point, the Court must concern itself with the rights and interests of the Defendants who have been accused of unconstitutional conduct and who have been awaiting their chance to disprove the serious allegations against them.

Even if the Court were to excuse counsel's delay, however, Plaintiffs' so-called "newly discovered evidence" does not demonstrate a material fact dispute sufficient to attenuate the Court's prior summary judgment ruling. Plaintiffs seek to hold the City of Webster liable on a theory of ratification. For this theory to be viable, Plaintiffs must have evidence "sufficient for a jury to find that Chief Smiley approved Officer Berryman's use of force *despite knowing it was unlawful and excessive*." (Doc. No. 32, at 17 (emphasis added).)  Plaintiffs' "newly-discovered" evidence, like the evidence submitted in opposition to summary judgment, suggests—at most— that the City of Webster's investigation into the shooting was cursory and incomplete. The Court already determined that this evidence was insufficient to demonstrate a material fact dispute on ratification:

> [Plaintiffs] appear to offer these facts—which are disputed by Defendants—as evidence that Chief Smiley and the Webster Police Department failed to thoroughly investigate the shooting. But failure to investigate is not ratification . . . . Nor is there any legal authority for subjecting a municipality to liability simply because it inadequately performs an investigation once it has been initiated.

(*Id*. at 18-19.) Plaintiffs' "newly-discovered" evidence does not alter the Court's conclusion that the City of Webster is entitled to summary judgment on Plaintiffs' claims.

### III.   THE COURT WILL REINSTATE MS. GONZALES'S FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANT RAYMOND BERRYMAN.

Plaintiffs seek reinstatement of Ms. Gonzales's Fourth Amendment claim against Defendant Raymond Berryman. Ms. Gonzales was injured when the bullet fired by Officer Berryman "passed through Ms. Diamond-Brooks's face and hit Ms. Gonzales." (Doc. No. 40, at 19.) It is undisputed that Ms. Gonzales was not an intended target of the use of force, even assuming that Officer Berryman intentionally fired his weapon. By law, Ms. Gonzales has no Fourth Amendment claim against Officer Berryman. *See Landol-Rivera v. Cruz Cosme*, 906 F.2d

791, 792-96 (1st Cir. 1990) (stating that citizen who was struck by bullet intended for someone else was not the victim of a Fourth Amendment seizure, but may pursue a Fourteenth Amendment claim); *see also Cooper v. Rutherford*, 503 Fed. App'x 672, 676 (11th Cir. 2012) (collecting cases which hold that unintended victim of intentional force has not been seized under the Fourth Amendment).

Ms. Gonzales can pursue recovery under the Fourteenth Amendment, however. *See Landol-Rivera*, 906 F.2d at 796; *see also Petta v. Rivera*, 143 F.3d 895, 910 n.25 (5th Cir. 1998) ("[W]here a plaintiff's excessive force claim, whether he be a prisoner, arrestee, detainee, or an innocent bystander of tender years, falls outside the specific protections of the Bill of Rights, that plaintiff may still seek redress under the due process clause of the Fourteenth Amendment."). Ms. Gonzales pled a Fourteenth Amendment claim against Officer Berryman in her state court petition, but she did not support the claim with argument or evidence in her opposition to summary judgment. (Doc. No. 32, at 2 n.1.) The Court considered her Fourteenth Amendment claim to be abandoned and granted summary judgment to Defendants. (*Id*. at 2 n.1, 20.) On reconsideration, the Court finds the more appropriate course of action is to evaluate whether Defendants have met their summary judgment burden on Ms. Gonzales's Fourteenth Amendment claim, irrespective of her failure to address it her opposition brief. *See U.S. v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) ("'If the moving party fails to meet [its] initial burden [of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact], the motion must be denied, regardless of the nonmovant's response.'") (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

The Court finds that Defendants did not met their burden of showing no genuine issue of material fact as to Ms. Gonzales's Fourteenth Amendment claim. Admittedly, the hurdle for such a claim is high. To succeed on her claim, Ms. Gonzales must establish that Officer Berryman's actions were "grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal" such that Officer Berryman engaged in "abuse of official power" which "shocks the conscience." *Petta*, 143 F.3d at 902. The summary judgment record reveals a disputed issue of fact regarding whether Officer Berryman intentionally fired his weapon at Ms. Diamond-Brooks. (Doc. No. 32, at 5-11.) If the jury credits Officer Berryman's account that his weapon discharged by accident, then he is no more liable to Ms. Gonzales under the Fourteenth Amendment than he is to Ms. Diamond-Brooks under the Fourth Amendment. But if the jury finds that Officer Berryman deliberately fired his weapon at Ms. Diamond-Brooks, in a crowded bar, with no warning, and with no justification, such behavior could "shock[] the conscience."

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiffs' Emergency Motion to Reconsider Order Granting in Part Motion for Summary Judgment (Doc. No. 40). Ms. Gonzales's Fourteenth Amendment claim against Officer Berryman will be reinstated for trial by jury. In all other respects, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas, on this the thirtieth day of April, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE